**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| PATRICK MICHAEL RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 1:19-CV-170 NAB |
| | ) |
| SGT. UNKNOWN UMPHLETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Patrick Michael Ryan, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee.  (ECF. No. 2).  Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $69.20.  Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his inmate account statement. (ECF No. 3).  A review of plaintiff's account indicates an average monthly deposit of $346.13 and an average monthly balance of $0.08.  Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $69.20, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 based on an alleged denial of adequate meals to accommodate his self-declared food allergies.  Named as defendants are the Cape Girardeau County Jail (the "Jail"); Sergeant Unknown Umphlett; Sergeant Unknown Stewart; Lieutenant Unknown Lander; Correctional Officer Unknown Lowery; Nurse 1; and Nurse 2.  At all times relevant to his complaint, plaintiff was a pretrial detainee incarcerated at the Jail.

Plaintiff asserts that upon his arrival at the Jail and during initial intake on June 10, 2019, plaintiff informed Lowery of his allergies to tomatoes, mushrooms, broccoli, and celery.  On various dates in July, plaintiff alleges he notified Umphlett, Stewart, and Lander of his food allergies, but they refused to provide him with alternative meal trays and told him it was his responsibility to produce medical records from his personal physician to confirm his allergies or to place a "sick call" to see a medical professional.  On an unspecified date, plaintiff alleges he presented to Nurse 1 for constipation, but she "didn't want to hear about [his] food allergies."  He further alleges Nurse 2 was present during this appointment, but she "was too busy talking with [a corrections officer] that was in the medical room to provide [him] with care."  Plaintiff claims the Jail has a policy that "allows th[e] facility to neglect [his] medical needs, by trying to make it [his] responsibility to prove [his] food allergies."  Plaintiff states he is unable to provide the Jail with

medical records evidencing his allergies because he is incarcerated and does not remember the name of the doctor who tested him when he was a child.  Plaintiff claims he filed grievances regarding the instant allegations but does not attach copies of the grievances or responses to his complaint.

As a result of the alleged denial of adequate meals to accommodate his self-declared allergies, plaintiff claims he was forced to "trade main courses for small side courses" and suffered from malnutrition and constipation "caused from eating bread, cornbread and biscuits as a main source of food."  Plaintiff seeks an injunction as well as an unspecified amount of compensatory and punitive damages.

On September 23, 2019, plaintiff filed a motion for production of documentation. (ECF. No. 5).  Plaintiff seeks from the Jail his initial intake paperwork and copies of his grievances and responses.

**Discussion**

### A.  Injunctive Relief

As a preliminary matter, plaintiff's request for injunctive relief must be denied because he is no longer housed at the Jail.  Plaintiff is currently confined at the ERDCC.  (ECF. No. 7).  An inmate's claims for injunctive and declaratory relief become moot when an inmate is transferred and is no longer subject to the policy at issue.  *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009).  Therefore, plaintiff's claim for injunctive relief is subject to dismissal as moot.

### B.  Deliberate Indifference Claims

Plaintiff appears to be pursuing deliberate indifference claims as it relates to his medical treatment from two nurses, as well as cruel and unusual punishment claims against the remaining defendants for failure to accommodate his food allergies. Pretrial detainee § 1983 claims are

analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. *See Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) (stating "[t]his makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

### 1.  Inadequate Medical Care: Nurse 1 and Nurse 2

Plaintiff does not state a plausible claim for denial of medical care against Nurse 1 and Nurse 2. To state a claim for failure to provide medical care, plaintiff must allege that (1) he suffered from an objectively serious medical need and (2) defendants knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The Court has no information from which it could infer that plaintiff suffered from an objectively serious medical need. Plaintiff has not alleged that he suffered an allergic reaction from any of the meals that were provided to him during his detainment at the Jail, and he has not stated what side effects would have occurred if he consumed tomatoes, mushrooms, broccoli or celery. As such, plaintiff provides no factual information to indicate his alleged allergies constituted a serious medical condition.

Additionally, even if his self-declared allergies could be classified as a serious medical condition, plaintiff has not described acts or omissions by Nurse 1 or 2 that were sufficiently harmful, cruel or prolonged to support a claim of deliberate indifference. Plaintiff only alleges that he sought medical treatment from Nurse 1 for constipation and appeared for one appointment. Plaintiff states Nurse 2 was also in the examination room for his appointment with Nurse 1 but she "too busy" talking to a correctional officer. These allegations do not amount to deliberate

indifference.  Because plaintiff has not alleged enough facts from which the Court could find he suffered from an objectively serious medical need and deliberate indifference of that medical need, plaintiff's inadequate medical care claims against Nurse 1 and 2 are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### 2.   Inadequate Food: Lowery, Umphlettt, Stewart, and Ladner

The Eighth Amendment requires that prisoners "receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).  *See also Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The [Eighth] Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."). The repeated and unjustified failure of prison officials to provide adequate sustenance can be a serious deprivation amounting to cruel and unusual punishment. *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (denying summary judgment to guard who repeatedly refused to deliver meals to inmate).  The risk that an inmate might suffer harm as a result of the repeated denial of meals "is obvious." *Id.*  However, mere dissatisfaction with the variety, portion size or savor of his prison diet is insufficient to state a claim.  *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating foreign objects or cold and unpleasant food is insufficient to state an Eighth Amendment claim).  "Control of the diet is within the discretion of prison authorities, presuming it is adequate." *Divers v. Dep't of Corr.*, 921 F.2d 191, 194 (8th Cir. 1990).

"A plaintiff may demonstrate violation of his constitutional rights by evidence 'that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.'" *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (quoting *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)).

"To demonstrate a constitutional violation, [plaintiff] must show that the defendants were deliberately indifferent to his nutritional needs, that is, 'failed to act despite . . . knowledge of a substantial risk of harm.'" *Id.* (quoting *Farmer*, 511 U.S. at 842). "[A] prisoner may properly allege a constitutional violation by demonstrating significant weight loss or other adverse physical effects from lack of nutrition." *Id.* (citing *Davis v. Missouri*, 389 Fed. Appx. 579, 579 (8th Cir. 2010) (citing cases for proposition that "inmate claiming inadequate diet under Eighth Amendment must allege he lost weight or suffered adverse physical effects, or was denied nutritionally or calorically adequate diet")).

As to Lowery, plaintiff failed to allege facts showing how he was directly involved in or personally responsible for specific violations of his constitutional rights. Plaintiff alleges he reported his food allergies to Lowery upon initial intake and assumed Lowery noted them on his records. However, plaintiff does not allege that Lowery refused to report his allergies, subsequently denied him of appropriate meals, or that he even interacted with Lowery after the intake process was complete. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); and *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Thus, plaintiff's claims against Lowery, in his individual capacity, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

As to Umphlett, Stewart, and Lander, the Court finds plaintiff also has not stated a colorable claim against them for their respective roles in allegedly depriving plaintiff of an allergy-free diet. Plaintiff alleges that after he notified them of his allergies, they refused to provide him with

alternative meal trays and informed him it was his responsibility to submit medical records from the doctor who diagnosed him.  Plaintiff failed to allege, however, that Umphlett, Stewart, or Lander, who are non-medical professionals, possessed the authority to change plaintiff's meal plan, had any personal involvement in the decision-making process of what kind of meals inmates are to be served, or deliberately disregarded a medical professional's order to provide him with specific food items.   Plaintiff does not even allege that they personally delivered meal trays to plaintiff or provide facts as to how and when they denied him adequate meals.  "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Additionally, plaintiff admits the Jail had no record of plaintiff's allergies, further evidencing that Umphlett, Stewart, and Lander were not acting with deliberate indifference to plaintiff's medical needs or that they were even aware of a substantial risk to his health if he were exposed to tomatoes, broccoli, mushrooms, or celery.  Plaintiff alleges that his "medical needs are there [sic] responsibility,"  however, "[a] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009).  Because plaintiff has neither stated what kind of allergic reactions could occur if he consumed tomatoes, mushrooms, broccoli, or celery, nor alleged any physical effects from lack of nutrition, such as rapid weight loss, plaintiff has failed to show there was "an immediate danger to his health, or that his health suffered as a result of the food.'" *Ingrassia*, 825 F.3d at 897.  Thus, because no allegations suggest that Umphlett, Stewart, or Lander had any involvement in the decision to deny alternative meal trays, plaintiff's claims against them in their individual capacities are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Plaintiff's official capacity claims against Lowery, Umphlett, Stewart, and Lander also do not survive initial review.  In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County").  In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct.  *Id.* at 1075.  Lowery, Umphlett, Stewart, and Lander are employed by the Jail.  As such, plaintiff's official capacity claim against them is actually a claim against their employer, Cape Girardeau County.

A local governing body, like Cape Girardeau County, can be sued under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

 "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the . . . official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).  For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face . . . a plaintiff must establish the existence of a 'policy' by demonstrating

that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Plaintiff alleges a "jail policy" caused "neglect to [his] medical needs" by making it his "responsibility to prove . . . food allergies." Plaintiff claims he cannot obtain his medical records because he is incarcerated and does not remember the name of the doctor who treated him. However, plaintiff also states that Lander and Umphlett informed him that he could "put in a sick call to be seen by medical staff and sign medical releases to obtain the information." While plaintiff alleges that he went to the infirmary once for complaints of constipation, he does not allege that he requested a "sick call" for the purpose of obtaining his medical records or sought an allergy test within in the institution. It is also unclear from the complaint if he presented to the infirmary before or after Lander and Umphlett instructed him to put in for a "sick call." Plaintiff fails to allege facts showing the Jail's alleged policy regarding inmate-declared allergies was a deliberate or conscious choice by policymakers to deny him of his constitutional rights. Thus, as currently pled, plaintiff has failed to allege facts that would demonstrate the existence of a policy or custom that caused the alleged deprivation of the plaintiff's rights.

### 3.  Claims against the Jail

Lastly, plaintiff's claim against the Jail is subject to dismissal as legally frivolous because it is not a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir.1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

### Order to Amend

In consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders

the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).  If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of

the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

## Production of Documents

On September 23, 2019, plaintiff filed a motion for production of documentation. (ECF. No. 5). Plaintiff seeks from the Jail his initial intake paperwork and copies of the grievances filed and responses. Plaintiff has yet to file a complaint that survives initial review, the Clerk of the Court has not issued summons on any of the defendants, and a scheduling order has not been entered. Consequently, the motion will be denied because it is premature. *See* Fed. R. Civ. P. 26(d)(1). The Court notes, however, that defendants are required to preserve evidence in the anticipation of litigation.

## Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 4). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that a self-represented litigant "has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motions without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $69.20 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Production of Documentation (ECF No. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of May, 2020.